## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BATEMAN HARDEN PA**.,

        Plaintiff,

v.                                    Case No. 4:10cv136-MCR/CAS

**JOSEPH R. FRANCIS; MANTRA FILMS, INC.; MRA HOLDINGS, LLC; and AERO FALCONS, LLC**,

        Defendants.
_____/

**JOSEPH R. FRANCIS,**

        Consolidated Plaintiff,

**v.**

**BATEMAN HARDEN PA, FREDERICK L. BATEMAN, JR. and DOES,**

        Consolidated Defendants**.**
_____/

## O R D E R

      This lawsuit, docketed as Case No. 4:10cv136, was filed as an action to recover attorneys fees.  Over a year later, Defendant Joseph R. Francis filed a separate legal malpractice lawsuit arising out of the same transaction in California state court.  The legal malpractice action was removed to federal court in the Central District of California and subsequently transferred to this court, where it was originally docketed as Case No. 4:11cv639 (N.D. Fla.).  This court consolidated the two cases in December 2011 on consent of the parties.  On February 9, 2012, Consolidated Defendants Bateman Harden PA, Frederick L. Bateman Jr., and Does (collectively "Bateman") filed a motion to dismiss

(doc. 87) the malpractice action complaint of Consolidated Plaintiff Joseph R. Francis ("Francis").  Francis filed no response to the motion.[1]  Other matters pending include Bateman's objections to evidence submitted by the plaintiff in opposition to the motion to dismiss (doc. 90), and Bateman's request for the court to take judicial notice (doc. 88) of the amended complaint and judgment from the prior lawsuit out of which both the fee action and Francis's malpractice claim arose.[2]  Now, having fully considered these matters, the court makes the following determinations.

**Background**

     Bateman originally filed suit in this court on April 16, 2010, against Francis and his related business entities to recover attorney's fees allegedly owed to Bateman, Case No. 4:10cv136 (N.D. Fla.) ("the fee action"), arising out of Bateman's representation of Francis and his business entities in a prior lawsuit.[3]  In the fee action, Francis filed a *pro se* answer on June 28, 2010, denying the allegations and asserting affirmatively that he had not authorized or approved the contract for attorney's fees; that the claims are barred by the statute of frauds and estoppel; that Bateman breached the attorney client privilege; and that the claim has been paid in full.  Francis stated no counterclaims in his answer and has never sought to amend his answer in this suit.[4]  Pursuant to the Final Scheduling Order,

---

[1]  Although Francis filed a response in opposition to a motion to dismiss while the case was pending the Central District of California (*see* doc. 86-1), the California court denied the motion to dismiss as moot when it transferred the case to this court.  Francis  he filed nothing in response to the motion to dismiss that was filed before this court in February.

[2]  Bateman also  filed a reply to the opposition to the motion to dismiss without first seeking leave of court or demonstrating good cause pursuant to this court's local rules, see N.D. Fla. Loc. R. 7.1(C)(2). Therefore, the court has disregarded and not considered the reply (doc. 89).

[3]  The prior lawsuit was brought by a group of underaged females who alleged that Francis and his companies had sexually exploited them by filming them for his "Girls Gone Wild" television series.  The case went to trial, where a jury awarded a verdict in favor of Francis.  *See Plaintiff B v. Francis*, Case No. 5:08cv79 (N.D. Fla.).

[4]  Francis is currently represented by counsel.  The record reveals that Francis's business entities originally defaulted, and on September 28, 2010, a notice of appearance of counsel was entered on behalf of all defendants.  Subsequently, the court vacated the default.  However, counsel was permitted to withdraw on February 24,2011, and a default judgment was entered against the business entities for their failure to secure new counsel.  A notice of appearance was entered by new counsel on behalf of all defendants on October 21, 2011, and counsel moved to set aside the default judgment.  The court granted the motion after a hearing held on December 22, 2011, and currently, Francis and his business entities are all represented by counsel.

the discovery deadline was August 11, 2011, and the case is ready to proceed to trial.[5]

Over a year after the fee action was filed, on May 19, 2011, Francis filed suit against Bateman in California state court ("the malpractice action"), asserting breach of contract, legal malpractice and several fraud-based claims based on the same underlying legal representation and attorney retainer agreement that is at issue in the fee action.[6] Bateman was not served with the California legal malpractice complaint until October 4, 2011. Bateman then removed the case to federal court in the Central District of California and moved to dismiss or transfer to this court, arguing that the suit should have been brought as a compulsory counterclaim in the fee action.  On December 19, 2011, the Central District of California judge determined that the claims are compulsory counterclaims in the Florida fee action, stating, "it is hard to imagine a clearer compulsory counterclaim to a complaint for failure to pay legal fees than a legal malpractice claim stemming from the handling of the litigation for which such fees are sought."  (Civil Minutes from the California malpractice action, filed in N.D. Fla. No. 4:11cv639, doc. 20, at 4 (internal marks omitted)). On this basis, the judge in the Central District of California granted the motion to transfer the case to the Northern District of Florida, where it was docketed as Case No. 4:11cv639 (N.D. Fla.); and denied the motion to dismiss as moot and without prejudice (*see* Civil Minutes from the California malpractice action, filed in N.D. Fla. No. 4:11cv639, doc. 20, at 6).  After transfer, this court consolidated the malpractice action into the already pending fee action upon the parties' consent (*see* No. 4:10cv136, doc. 67, at 1 n.1).

Currently pending in the consolidated case are Bateman's motion to dismiss; Bateman's objection to, or motion to strike, exhibits; and Bateman's request for the court to take judicial notice of court documents in the prior litigation.  Francis has filed nothing in response to any of these requests.

---

[5]  The record in this case reveals that Francis and his business entities have not always diligently proceeded toward resolution of the fee action, as evidenced by the multiple defaults of the business entities and sanction orders against Francis for his failure to attend and participate in mediation in good faith.

[6]  At that time, Bateman was proceeding pro se in the Florida fee action because his first attorney had withdrawn, but he was represented by counsel in California.

**Discussion**

Bateman objects to evidence submitted by Francis in opposition to the motion to dismiss, which Francis had filed in the Central District of California. The record reflects that the motion to dismiss filed in the Central District of California was denied as moot when the district judge determined that the case should be transferred to this court. The transferred docket is incorporated into this court's record, and Bateman filed a new motion to dismiss in response to the Consolidated Plaintiff's complaint. Francis did not request that the undersigned consider his previously filed response as an opposition to the currently pending motion to dismiss, nor has Francis filed any response to the motion that was filed in this court.[7] Thus, the court has no occasion to consider the exhibits attached to Francis's response. The objection is therefore moot.

Out of an abundance of caution, however, the court alternatively also has considered the response filed as Doc. 86-1 on this court's docket, and in so doing, finds that Bateman's objection is well taken. When reviewing a motion to dismiss, the court considers only the allegations in the complaint and exhibits attached thereto and incorporated into the complaint by reference. *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 & n.7 (11th Cir. 2006) (internal marks omitted). The court may not review other evidence without converting the motion to dismiss into a summary judgment motion, which the court declines to do in this instance. *See Evans v. Walter Indus., Inc.*, 579 F. Supp. 2d 1349, 1352-53 (N.D. Ala. 2008) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002)). Therefore, the court alternatively sustains Bateman's objection to the exhibits attached to Francis's opposition to the motion to dismiss and has disregarded them.[8]

---

[7] Bateman refiled Francis's California response in this court (doc. 86-1) as a courtesy and in response to the court's order that Bateman respond to the Consolidated Plaintiff's complaint. But because the motion was denied as moot in the Central District of California, the motion to dismiss and response were no longer pending when transfer occurred.

[8] Although Bateman titles the motion as objections "and Motion to Strike," the court finds that it is appropriate to construe the motion as an objection. Rule 12(f) provides that the court may "strike" matters from a "pleading." Fed. R. Civ. P. 12(f). The exhibits to which Bateman objects are attached to a response in opposition to the motion to dismiss, which is not a pleading. Thus, it is appropriate for the court to disregard

Additionally, the court will grant Bateman's request to take judicial notice of the amended complaint and judgment from the lawsuit out of which Francis's malpractice claim arises. No response in opposition to this request has been filed. Moreover, court documents from a prior proceeding are matters of public record, "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned, and therefore judicial notice of them is appropriate." *Weaver v. Mateer and Harbert, P.A.*, No. 5:09cv514, 2012 WL 3065362, at * 3 n.7 (M.D. Fla. 2012) (quoting *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)); *see also* Fed. R. Evid. 201 (outlining the scope of the court's judicial notice of adjudicative facts).

As to Bateman's motion to dismiss, the court finds that it is due to be granted. The basic legal standards applicable to the court's review of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (requiring pleading to contain facts sufficient to support a plausible claim for relief when accepted as true); and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (same). The court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). As to claims sounding in fraud, the federal rules require that the circumstances be stated with particularity. *See* Fed. R. Civ. P. 9(b).

Bateman argues that the claims of the Consolidated Plaintiff's complaint should be dismissed as waived or on principles of *res judicata* because they should have been raised as compulsory counterclaims in the answer to the original action in this court. On review of the claims asserted in the Consolidated Plaintiff's complaint, the court finds, consistent with the ruling of the Central District of California and incorporating those findings as part of this order, that the complaint consists of claims and allegations that should have been brought as compulsory counterclaims in the fee action originally filed in this court. "A

---

them, as opposed to striking them from the record, and thus, to the extent Bateman also moves to strike, the motion to strike is moot. *See generally Lesman v. Mtg. Elec. Registration Sys., Inc.*, No. 2:12–CV–00023, 2012 WL 3065422 (N.D. Ga. 2012) (stating the rules make clear that only materials in a pleading may be subject to a motion to strike); *Jeter v. Montgomery Cnty.*, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) (same).

counterclaim is compulsory when it arises out of the same transaction or occurrence as the claim it is countering." *Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1301 (11th Cir. 2002); *see also* Fed. R. Civ. P. 13(a)(1)(A).   The contract at issue in Francis's breach of contract claim is the attorney fee retainer that is at issue in the fee action; the legal malpractice claim involves the very legal services for which payment is sought in the fee action; and the claims of fraud and misrepresentation each involve representations or understandings surrounding or inducing Francis to enter the fee agreement at issue in the fee action.   There is no question that these claims are compulsory counterclaims that should have been raised in Francis's answer in the fee action.  However, the time for amending the pleadings has long since expired.

The plain language of the rule governing compulsory counterclaims provides, in relevant part, that "[a] pleading *must* state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out fo the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a)(1) (emphasis added).  The Eleventh Circuit has acknowledged that waiver occurs if a compulsory counterclaim is not pleaded, resulting in the claim's "preclusion from the case as well as subsequent litigation." *Menendez v. Perishable Distribs., Inc.*, 763 F.2d 1374, 1379 n. 4 (11th Cir. 1985) (noting that Rule 15(b), which addresses objections to evidence at trial and permits amendment during trial in limited circumstances, is an exception to this proposition).   After the time for amending pleadings pursuant to the scheduling order has expired, Rule 16 permits amendment only on leave of court and a showing of good cause.[9]  *See generally Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 2007) (explaining that an untimely motion to amend is governed by Rule 16's good cause standard).  To establish good cause, a party seeking to extend a deadline must have been diligent.  *See Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008).

Pursuant to the Initial Scheduling Order in the fee action (doc. 14), motions to

_____

[9]  Otherwise, Rule 15 provides that amendments should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

amend the pleadings were governed by the discovery deadline of August 11, 2011.  This deadline had not passed in May 2011 when Francis filed the malpractice action in California, but instead of filing a motion to amend his answer in the fee action, Francis filed a new lawsuit in California state court.  He did not serve Bateman until October 2011, which was after the discovery deadline in the fee action had passed.  Francis has never sought to amend his answer in the fee action to include these claims, despite the fact that the malpractice action was transferred to this court over eight months ago on a finding by that court that the claims are compulsory counterclaims.  Nor, significantly, has Francis ever attempted to set forth any good cause showing or due diligence to avoid the waiver.[10] Nothing on file in the record of that case or in this court's docket can be construed as due diligence or good cause.  To the contrary, the conduct of Francis and his corporate entities throughout the pendency of the fee action in this court demonstrates delay and a failure to cooperate that has resulted at times in sanctions against Francis.

Bateman argues that this waiver is cause to dismiss the complaint for failure to state a claim.  Francis did not respond to Bateman's motion to dismiss filed in this court after transfer, thus the motion is unopposed, despite the fact that the court has also considered the arguments Francis presented to the California district court.  The court agrees that by his failure to timely seek to amend his answer in the fee action to assert the compulsory counterclaims and instead filing them as a separate action in a distant jurisdiction, Francis has waived the claims articulated in the Consolidated Plaintiff's complaint, and they are subject to dismissal.[11]  Moreover, although the claims of the Consolidated Plaintiff's complaint viewed in isolation meet the general pleading requirements to state a claim, the

---

[10]  In Francis's response to the motion to dismiss or transfer filed in the Central District of California, he opposed transfer on grounds that courts in the Northern District of Florida are biased against him. However, Francis has filed nothing in the malpractice action since it was transferred to this court.

[11]  Even considering the arguments Francis made in his response filed in the Central District of California, though he has not requested this court to consider them, the court's decision would be the same. Francis made no argument with respect to the issue of waiver other than to assert that amendment is ordinarily favored because leave to amend under Rule 15(a) should be freely given.  Francis explicitly stated that he was *not* seeking to amend his answer in the Florida action.  (Doc. 86-1).  Good cause would have to be shown to amend the answer at this stage in the proceedings, and none was offered.

court finds that when considered in light of the record, it is clear that the complaint is an attempt to make an end run around the Rules of Civil Procedure and this court's prior scheduling orders and deadlines. This type of maneuvering will not be permitted.[12] Thus, there is no possibility for relief on the claims stated in light of Francis's waiver, and accordingly, the court finds that dismissal is appropriate.[13]

Accordingly:

1.      The Consolidated Defendants' objection (doc. 90) to evidence submitted in opposition to the motion to dismiss **DENIED as MOOT**, and alternatively, **SUSTAINED**.

2.      The Consolidated Defendants' request to take judicial notice (doc. 88) of the amended complaint and judgment from the lawsuit out of which Francis's malpractice claim arises is **GRANTED**.

3.      The Consolidated Defendants' motion to dismiss the Consolidated Plaintiff's complaint (doc. 87) is **GRANTED.**  The Clerk is directed to file a copy of this order on the docket of both No. 4:10cv136 and No. 4:11cv639, and to close the file in No. 4:11cv639.

4.      The suit for attorney's fees that was originally filed as Case No. 4:10cv136 will proceed to trial.  A trial date will be set by separate order.

**DONE AND ORDERED** this 27th day of August, 2012.

*s/ M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[12]  To allow Francis to proceed in this fashion would amount to an abuse of the judicial process, which the court cannot condone, particularly in this case where prior abuses have already delayed these proceedings. Francis has had ample opportunity to respond to this motion to dismiss and chose not to do so. Under this court's local rules, "Failure to file a responsive memorandum may be sufficient cause to grant the motion."  N.D. Fla. Loc. R. 7.1(C)(1).

[13]  Bateman also argues that the complaint should be dismissed on *res judicata* principles.  It is well-settled that "[a] failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim."  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1417 (3d ed. 2010).  Francis argued to the court in the Central District of California that there should be no *res judicata* effect here because the Florida fee action was still pending at the time Bateman sought transfer.  Although it is true that a final judgment has not been entered in the fee action, and thus, principles of *res judicata* are technically inapplicable, this does not alter or impact the court's analysis, which is based on waiver and failure to comply with the court's scheduling orders.